**IN THE COURT OF APPEALS OF IOWA**

No. 16-1582
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS GEORGE LINNABERRY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        The defendant appeals his sentences following his convictions for theft in

the third degree and forgery.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Thomas Linnaberry appeals his sentences following his convictions for theft in the third degree and forgery. He claims the district court abused its discretion when it denied his request for probation, which would have enabled him to enter a halfway house and obtain treatment for his addiction to drugs. We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the sentences imposed are within the statutory limits, they are "cloaked with a strong presumption in" their favor. *Id.*

Here, Linnaberry pled guilty to third-degree theft and forgery. As part of the plea agreement, the State did not pursue the habitual offender sentencing enhancement and another case was dismissed. Each side was free to advocate for the sentence they thought most appropriate. The State recommended the court sentence Linnaberry to consecutive five-year and two-year sentences. Linnaberry urged the court to sentence him to probation; he noted he had been in jail for approximately 120 days leading up to sentencing and during that time he had completed an anger-management course. He claimed his issues with substance abuse were the catalyst for his lengthy criminal history, and he maintained he was ready to address those issues at the Center for Alcohol and Drug Services, where a bed was then available.

The district court sentenced Linnaberry to a term of two years for theft in the third degree, *see* Iowa Code §§ 714.2(3) ("Theft in the third degree is an aggravated misdemeanor."), 903.1(2) ("When a person is convicted of an aggravated misdemeanor . . . the maximum penalty shall be imprisonment not to

exceed two years."), and five years for forgery, *see id.* §§ 715A.2(2)(A) ("Forgery is a class 'D' felony . . . .), 902.9(e) ("A class 'D' felon, . . . shall be confined for no more than five years."). The court ordered the two sentences to be served concurrently. The court stated:

> The Court has read the [presentence investigation] PSI, and I do not give any consideration in the criminal history section of the PSI to any entries for which there is neither an admission of guilt nor a conviction.
>
> That being said, the Defendant's criminal history is extensive. In particular, it is—there are numerous low-level traffic offenses. The offenses in and of themselves individually do not warrant consideration, but the sheer volume of them is such that it indicates the Defendant has a significant difficulty obeying the rules of society.
>
> In addition, the Defendant has previously received almost every non-prison related program available to a Defendant in these matters. He has—multiple times he has violated probation and been sentenced.
>
> He has more than one failure to appear. They may arise out of the same incident. The Court has assumed that they did, but any failure to appear warrants consideration.
>
> He has previously been incarcerated, and as I said, he has previously been granted probation which he has failed to complete, and that probation has been revoked.
>
> Based on his criminal history, his lengthy substance abuse history, which he admits and which is clear to the Court even without his admission, the Court believes that the appropriate resolution in this matter is incarceration as recommended by the PSI author.

Linnaberry maintains the court abused its discretion because it ignored his presentencing efforts and his needs regarding rehabilitation. We disagree. The court did not place Linnaberry on probation, allowing him to seek treatment in the style he hoped. But the court did indicate it understood the reasons for Linnaberry's criminal past and hoped treatment through the department of corrections would provide him the rehabilitation he needed, stating:

Mr. Linnaberry, I take it to heart and I believe that you are correct that if you wish to change the course of your future, it will require that you conquer your drug addiction. It's obvious that that has been the engine that has been driving you in the wrong direction for a good period of your life.

I hope that with the treatment that you will be able to attain through the Department of Correctional Services that you will be able to master that demon and come out on the other end a useful and productive citizen. I wish you good luck, sir.

Because the sentences imposed fall within the statutory limits and the court considered the relevant factors, we cannot say the district court abused its discretion. We affirm.

**AFFIRMED.**